IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:17-CR-1-2

JASON THOMAS WILLIAMS

**ORDER**

Jason Thomas Williams was convicted of theft of government property.[1] Doc. #45. On September 7, 2017, this Court sentenced Williams to time served, followed by three years supervised release, and ordered $848.50 in restitution. *Id.* at 2, 3, 6. On September 23, 2021, Williams filed a pro se motion asking "the Court to grant early termination of [his] supervised release" period.[2] Doc. #63 at PageID 186. The government did not respond to the motion.

**I
Discussion**

18 U.S.C. § 3583(e), which governs the modification of supervised release, provides in relevant part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

---

[1] Williams pled guilty to participating in stealing a limb saw, chain saw, and backpack blower from the maintenance yard of the Dancy district office of the Natchez Trace Parkway. Doc. #43 at 3–4.

[2] Williams first appeared in this federal court on March 23, 2017, on a writ from state court. *See* Docs. #8, #16. According to the Probation Office, after his sentencing on September 7, 2017, he was returned to state custody on the pending state court matters; convicted on the state court charges (which included possession of stolen property, grand larceny, and two counts of burglary) on August 3, 2018; sentenced to fifteen years custody, to run consecutively; and released from state custody on August 28, 2020. Accordingly, Williams' three-year term of federal supervised release did not begin to run until August 28, 2020, which Williams' motion acknowledges. *See* Doc. #63 at PageID 185.

Beyond requiring the consideration of specific § 3553 factors,³ § 3583(e)(1)'s inclusion of "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make[s] clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citation omitted). In practice, courts have concluded that "early termination is reserved for rare cases of exceptionally good behavior" or other instances of "changed circumstances," *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (collecting cases) (cleaned up), such as undue hardship, *Emmett*, 749 F.3d at 819–20. Findings that a defendant has "demonstrated neither a change in circumstances nor exceptionally good behavior are best interpreted as relevant to a determination … that early termination would not serve the interest of justice." *United States v. Sung Ho Kim*, 745 F. App'x 694, 695 (9th Cir. 2018).

Williams submits that early termination of his supervised release period is warranted because, since his supervised release term began on August 28, 2020, he has "successfully fulfilled and complied with every requirement of supervised release," "completely satisfied [his] full restitution obligation to the Court," and had "a stable full-time job, home and environment."⁴ Doc. #63 at PageID 185 (paragraph numbering omitted).

"[M]ere compliance with the conditions of … supervision … is not enough to warrant early termination of supervised release." *United States v. Wesley*, 311 F. Supp. 3d 77, 81 (D.D.C. 2018).

---

³ These factors are:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the guidelines range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense.

*United States v. Johnson*, 877 F.3d 993, 996 n.7 (11th Cir. 2017).

⁴ Williams also represents that his "assigned probation officer … stated that he would not oppose early termination of supervised release at this time." Doc. #63 at PageID 185.

Even "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Rather, to justify early termination, "a defendant's exceptionally good behavior [must] make[] the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals." *Id*. (internal quotation marks omitted). This occurs when a defendant goes *beyond* the terms of his supervised release to "turn[] himself around," such as by disassociating "himself from destructive influences and peers." *United States v. King*, 551 F. Supp. 2d 1298, 1300 (D. Utah 2008).

Here, the grounds for relief on which Williams relies—full-time work, an appropriate residence, and a stable environment—are all standard conditions of his supervision. *See* Doc. #45 at 4 ("You must work full time," "must live at a place approved by the probation officer," and "must not communicate or interact with someone you know is engaged in criminal activity"). Having offered nothing beyond his mere compliance with his supervised release terms, he has not shown exceptionally good behavior or another change in circumstances which would establish that his current term of supervised release is too harsh or inappropriately tailored to serve general punishment goals. Accordingly, his motion for early termination will be denied.

## II
## Conclusion

Williams' motion for early termination of his supervised release period [63] is **DENIED**.

**SO ORDERED**, this 26th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**